Antonio Sanquírico, demandante y apelado, *v.* Luis de la Cruz, demandado y apelante.

No. 4420.—*Sometido:* Enero 30, 1929. *Resuelto:* Nov. 22, 1929.

*Angel A. Vázquez,* abogado del apelante; *E. Campos del Toro,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Luis de la Cruz, en el mes de noviembre de 1926, requirió a Antonio Sanquírico para que le hiciera el estudio, preparación y confección de los planos, especificaciones y presupuestos para dos edificios de concreto armado, para ser construídos en la carretera nueva y calle del Rosario, en Santurce, término municipal de San Juan de Puerto Rico: el valor en costo de esos edificios había de ascender a $16,041 cada uno. Sanquírico hizo los trabajos, que valora en $500 los planos y $200 las especificaciones y presupuestos, y a mediados de diciembre de 1926 los entregó a de la Cruz, quien los recibió a su satisfacción, pero se negó a pagar el valor de los mismos, y no ha pagado todo ni parte de ese valor. Y en la alegación de tales hechos fundó Sanquírico la demanda que contra de la Cruz presentó en la Corte de Distrito de San Juan.

Contestó a la demanda de la Cruz, y en primer lugar propuso la excepción previa de falta de hechos suficientes a determinar causa de acción; negó que el demandante sea ingeniero civil, como aparecía alegado, y alegó que Sanquírico es empleado del Departamento del Interior de Puerto Rico y que se entendía en trabajos de confección de planos y presupuestos para obras públicas; negó haberle requerido o autorizado para los trabajos que aquél alega, y afirmó que el demandante bajo la aseveración de que era empleado del Interior, y que en las horas laborables se ocupaba, en su oficina, de planos y presupuestos, se ofreció a hacer los del demandado para los dos edificios de que habla la demanda, con el fin de que el demandado le gratificara con algo, y los hizo en sus

horas de oficina, y con materiales del Departamento; que el demandado recibió del demandante los planos y el presupuesto y especificaciones, pero que esto fué un acto voluntario, y con el fin de que el demandante, fuera gratificado por el demandado, si le gustaba el trabajo; alegó que los servicios no valen $700 y que siempre ha estado dispuesto a pagar por ellos $50 que es su verdadero valor.

Se oyó por la corte el caso, y al terminar la prueba del actor, el demandado presentó moción de *nonsuit,* y sometió el caso. La corte dictó sentencia contra el demandado, condenando a éste a pagar al demandante cuatrocientos un. dólares y dos centavos, y las costas y gastos. A la sentencia se acompañó relación del caso y opinión.

Encontramos en la contestación una gran insistencia en señalar que el demandante era empleado del Departamento del Interior, y en las horas de su trabajo, y con materiales de la oficina hizo los planos, especificaciones y presupuestos. Aunque no se han probado estos extremos, nos parece pobre la defensa, que tiene visos de una acusación contra el demandante. Si el demandado sabía esto, no debió aceptar el trabajo, ya que ante su conciencia fué recusable la manera de hacerlo; y si tenía la certeza de que el demandante faltó a sus deberes para con El Pueblo de Puerto Rico, pudo y debió, acudir al funcionario correspondiente, y seguir el procedimiento que fuera propio del caso; ante el tribunal esa defensa no era buena ni admisible.

Que el demandante no tenía el título de ingeniero civil, aparece claro de la prueba; como aparece que estaba empleado en el Departamento del Interior, en funciones de un ingeniero civil auxiliar, y que por bastantes años ha venido haciendo trabajos de ingeniero civil en Puerto Rico, y demostrando competencia en los mismos.

En realidad, la situación en Puerto Rico, en lo que afecta al ejercicio de la ingeniería era ésta: en 15 de febrero de 1900, una Orden General, la número 24, estableció que

"Todas las restricciones impuestas al ejercicio de las carreras de arquitectura e ingeniería civil, se suprimen por la presente de las disposiciones de la vigente ley y en adelante no se exigirán exámenes, licencias ni matrículas para el ejercicio de estas profesiones."

De forma que no era necesario el título universitario o de escuela especial para el ejercicio de esas profesiones.

En el año 1927, la Legislatura de Puerto Rico pasó la Ley No. 31, que regula el ejercicio de la profesión de ingeniero, y que permite la expedición de licencias para ejercerla, a personas que tengan su título académico, o que hayan ejercido por tres años o más con anterioridad a la aprobación de la ley. El artículo 9 de ésta es como sigue:

"En cualquier tiempo dentro de los seis meses subsiguientes a la fecha en que esta Ley empiece a regir, la junta expedirá una licencia para el ejercicio de la profesión de ingeniero, arquitecto o agrimensor a cualquier persona que, una vez satisfechos los derechos que más adelante se estipulan:

"(a) Haya terminado el curso de ingeniero, arquitecto o agrimensor en una escuela o universidad; o

"(b) Haya estado en el ejercicio de la profesión de ingeniero, arquitecto o agrimensor por no menos de tres años con anterioridad a la fecha de la aprobación de esta Ley.

"A menos que exista prueba en contrario, la junta aceptará como evidencia satisfactoria la declaración jurada, expresada en la solicitud, de que el solicitante ha ejercido la profesión de ingeniero, arquitecto o agrimensor por un período de tres años."

Esta ley fué aprobada por el Gobernador en 26 de abril de 1927, y empezó a regir a los noventa días de su aprobación.

Conviene decir aquí que la sentencia apelada es de fecha 30 de junio de 1927.

Es claro que quien, a sabiendas de que el demandante no tenía un título universitario o académico, utilizó sus servicios en ingeniería civil, no tiene una lícita defensa en la alegación de la falta de ese título, y en el voluntario desconocimiento de lo prescrito en la citada Orden General o Militar.

No merece larga discusión el único error que el apelante señala. La prueba fué bastante para fundar la sentencia dic-

tada. El documento que se presentó, como carta del demandado al demandante, y que lee así:

"Amigo Sanquírico:

"Como se trata de un picazo y no pudiendo hacer la obra por ahora, tienes que dejar eso para después, hoy no puedo. S. S. L., L. C."

es elocuentísimo.

Con estos antecedentes, y la prueba documental y testifical presentada, la sentencia, para ser justa, no podría ser otra que la que dictó la corte de distrito.

Debe confirmarse la sentencia apelada.